UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DANIEL DEWAYNE AIKENS**  **CASE NO. 6:24-CV-00287 SEC P**

**VERSUS**  **JUDGE S. MAURICE HICKS, JR.**

**U S ATTORNEYS OFFICE**  **MAGISTRATE WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se prisoner Daniel Dewayne Aikens ("Aikens") against the United States Attorney's Office for the Western District of Louisiana. Rec. Doc. 1. Aikens is incarcerated at the United States Penitentiary-Atwater in Atwater, California.

For the following reasons, Aikens's Complaint should be DISMISSED.

**I. BACKGROUND**

Aikens alleges that during his November 2022 trial, the United States Attorney's Office for the Western District of Louisiana failed to provide seven (7) witnesses against him, violating his Constitutional rights. Rec. Doc. 1, p. 4. He seeks monetary damages from the defendant, asserting that they "substantially contributed to his incarceration." *Id.*

**II. LAW AND ANALYSIS**

    *A.    Preliminary Screening*

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for sua sponte dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state

a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. See *Montoya v. FedEx Ground Packaging Sys. Inc*., 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

B.     **Application**

A plaintiff may sue a federal official for damages for a constitutional violation in federal court not under § 1983, as Plaintiff here has alleged, but under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Nevertheless, plaintiff's claim fails.

First, plaintiff has not shown that Congress has waived the sovereign immunity of the United States or its agency, the U.S. Attorney's Office. The Supreme Court in *Bivens* did not authorize damages suits against the United States, its agencies, or its employees in their official capacities. *Interfirst Bank Dallas v. United States*, 769 F.2d 299, 309 (5th Cir. 1985).

Moreover, with respect to the individual federal prosecutors, these defendants have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

**III.    Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers on Thursday, May 30, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**